UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sheron Jenkins, # 289702, *aka Shernon Jenkins*, | ) C/A No. 4:08-1971-MBS-TER |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Magistrate Judge Robert S. Carr, to Uphold and Enforce the Law;<br>Judge Sol Blatt;<br>The United States of America;<br>The United States of America Attorney General, | ) |
| Defendants. | ) |

## *Background of this Case*

The plaintiff, Sheron Jenkins, is an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections (SCDC). The plaintiff has brought suit, pursuant to 42 U.S.C. § 1983 against a United States Magistrate Judge, a Senior United States District Judge, the United States of America, and the Attorney General of the United States. Although two plaintiffs are listed in the caption of the complaint, only Sheron Jenkins signed the complaint. Hence, Sheron Jenkins is the sole plaintiff in this case.

The Honorable Robert S. Carr, United States Magistrate Judge, was originally assigned to a pending civil action that the plaintiff and another inmate, Tyrone Robinson, have against the Wal-Mart Corporation, a money order company, insurance and financial services companies, and other

1

persons, Civil Action No. 4:08-1636-MBS-TER (*formerly* Civil Action No. 9:08-1636-MBS-RSC). Judge Carr was also the assigned United States Magistrate Judge for Tyrone Robinson's prior cases. Although the Honorable Sol Blatt, Jr., Senior United States District Judge, was not the assigned United States District Judge for Civil Action No. 4:08-1636-MBS-TER, Judge Blatt was the assigned District Judge for Tyrone Robinson's prior criminal case and civil cases, one of which is still pending.[1]

On May 13, 2008, Judge Carr issued a "get in proper form" order directing the two plaintiffs to submit the items needed to render the case into "proper form."  The reassignment of Civil Action No. 4:08-1636-MBS-TER to the undersigned took place on May 23, 2008.  The docket sheet in Civil Action No. 4:08-1636-MBS-TER indicates that "proper form" documents have been received.

## *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983);

---

[1] Tyrone Robinson's pending habeas corpus action, *Tyrone Robinson v. Warden of Ridgeland Correctional Institution*, Civil Action No. 4:08-3270-SB-TER (*formerly* Civil Action No. 2:08-3270-SB-RSC), has also been reassigned to the undersigned magistrate judge.

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993), which *cites*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule).

---

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000); and *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310 n. 8 (M.D. Ala. 2001) (noting that, since courts have expanded the *Bivens* remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*). Hence, the undersigned is treating the above-captioned case, in part, as a *Bivens* action.

A *Bivens* action may not be brought against agencies of the United States. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies). Secondly, even if this case is treated as one brought under the Federal Tort Claims Act (FTCA), Judge Blatt, Magistrate Judge Carr, and the Attorney General of the United States are entitled to summary dismissal on the basis of sovereign immunity. A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Myers and Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir. 1975).[4] Additionally, an administrative

---

[4]The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C.
(continued...)

claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

There is no indication that the plaintiff has filed an administrative claim with the United States Department of Justice. Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986), which is cited in *Kokotis v. United States Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000).[5] An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; and the "STANDARD FORM 95." Since the complaint does not show that the plaintiff has submitted a Standard Form 95 to the appropriate federal agency or to the United States Department of Justice, this case should be dismissed for failure to exhaust federal administrative remedies.

Even under the *Bivens* doctrine and 42 U.S.C. § 1983, the Honorable Sol Blatt, Jr., Senior United States District Judge, and the Honorable Robert S. Carr, United States Magistrate Judge, are immune from suit because of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79,

---

(...continued)
§ 2675; and *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979). The administrative claim must be submitted in writing within two (2) years after the claim accrues. 28 U.S.C. § 2401(b).

[5]When the United States has denied an administrative claim filed under the FTCA, the claimant has six months to bring suit in a federal district court. 28 U.S.C. § 2401(b).

81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). Since Magistrate Judge Carr clearly had jurisdiction over Civil Action No. 4:08-1636-MBS-TER under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) prior to its reassignment to the undersigned, it is clear that he did not act "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*. Moreover, Judge Blatt and Magistrate Judge Carr clearly had jurisdiction over Tyrone Robinson's prior cases.[6]

Also relevant in the case *sub judice* is statutory law relating to judicial complaints filed against United States Circuit Judges, United States District Judges, and United States Magistrate Judges. A judicial complaint is not the proper mechanism where the subject of the judicial complaint is, or can be, the subject of an appeal or of objections in a case. *See* 28 U.S.C. § 372(c)(3)(A), which authorizes the Chief Judge of a circuit to dismiss a judicial complaint where

---

[6]Obviously, the plaintiff, Sheron Jenkins, lacks standing to raise any claims on behalf of Tyrone Robinson. *See Laird v. Tatum*, 408 U.S. 1 (1972); *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and that the merits of the case are irrelevant); and *Frank Krasner Enterprises, Ltd. v. Montgomery County, Maryland*, 401 F.3d 230, 234-36 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing). *Cf. Inmates v. Sheriff Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977) (one inmate does not have standing to sue on behalf of another inmate); *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); and *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975) (a *pro se* prisoner cannot be an advocate for others in a class action).

it is directly related to the merits of a decision or a procedural ruling. *See In Re Evans*, 801 F.2d 703, 705-708 (4th Cir. 1986); and *In Re Sassower*, 20 F.3d 42 (Judicial Council of 2nd Cir. 1994). *Cf. In Re Beard*, 811 F.2d 818, 826-827 (4th Cir. 1987) (petition for a writ of mandamus not a substitute for an appeal); *In Re United Steelworkers of America*, 595 F.2d 958, 960 (4th Cir. 1979); and *Queen v. Leeke*, 457 F. Supp. 476, 479 (D.S.C. 1978).

Insofar as the plaintiff is complaining about the failure of the United States to prosecute the individuals and corporations allegedly involved in the events that gave rise to Civil Action No. 4:08-1636-MBS-TER, the plaintiff lacks standing to sue. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970); *Nader v. Saxbe*, 162 U.S.App.D.C. 89, 497 F.2d 676, 679 nn. 18-19, 681 n. 27 (D.C. Cir. 1974) (n. 27: "Thus her [Linda R. S.'s] complaint in effect sought a judicial order compelling prosecution of a particular individual, a practice shunned by American courts."); and *United States v. Passman*, 465 F. Supp. 736, 741 & n. 13 (W.D. La. 1979) ("the defendant lacks standing to challenge the failure of the government to instigate criminal proceedings against another person."). *See also Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").

7

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *with prejudice* and without issuance and service of process because of judicial immunity. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since Judge Blatt and Magistrate Judge Carr are immune from suit, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The plaintiff's attention is directed to the Notice on the next page.

                                      s/Thomas E. Rogers, III
June 6, 2008                  Thomas E. Rogers, III
Florence, South Carolina     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).